BIRCH, Circuit Judge,
specially concurring:
I concur in this opinion because it properly emphasizes the role of the district court as “gatekeeper.” The role of the trial judge, properly following the Daubert mandate, is to ensure that the conclusions reached by the scientific experts have some minimal level of reliability and probative value. This determination is accomplished by establishing that the predicate principles and methodology relied upon by the experts are valid and that they can be applied to the facts at issue. The sufficiency of the evidence and the weight of the evidence, however, are beyond the scope of the Daubert analysis. Whether the conclusions advanced from the stated premises in fact follow and the persuasive *535 ness of those conclusions in the ultimate resolution of competing opinions, are questions appropriately left to the finder of fact. The trial court, nevertheless, retains its responsibility of properly instructing the jury on burden of proof and ultimately entering judgment in appropriate circumstances — all after the evidence has been tested through cross-examination and rebuttal evidence has been introduced.
In discharging the Daubert mandate, the trial court can enhance the record for appellate review by appointing an expert, under Fed.R.Evid. 706, to assist the court in evaluating proffered scientific evidence. Augmentation of the record with the testimony of a competent, independent and philosophically neutral Rule 706 expert focused upon evaluating the reliability of the proffered expert evidence will likely promote a more comprehensive and adequate ruling by the trial court. As complex scientific and technical evidence becomes more commonplace, in this ever-advancing computer age, the need for the trial court generalist to seek expertise in discharging Daubert responsibilities becomes increasing evident and compelling.